LITA M. VERRIER (SBN 181183)
SONIA M. AGEE (SBN 164560)
JONATHAN C. HATFIELD (SBN 292198)
ROPERS, MAJESKI, KOHN & BENTLEY
445 South Figeroa Street, Suite 3000
Los Angeles, CA  90071
Telephone:  (408) 947-4889
Facsimile:  (617) 850-9088
Email:  lita.verrier@rmkb.com
        sonia.agee@rmkb.com
        jonathan.hatfield@rmkb.com

Attorneys for Plaintiffs
KRIS DOE AND NATE DOE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| Kris Doe and Nate Doe,<br><br>                    Plaintiffs,<br><br>          v.<br><br>Bridges to Recovery, LLC, Constellation Behavioral Health, LLC, Les Katz, Qemal Shaholli, Dr. Trevor Small, Dr. Eric Strang,<br><br>                    Defendants. | Case No.  _____<br><br>**COMPLAINT** |

## COMPLAINT AND REQUEST FOR JURY TRIAL

In their Complaint for damages, Plaintiffs allege as follows:

1.      Plaintiff Kris Doe is an individual who resides in Massachusetts.  As she was a victim of sexual assault and sexual battery, she is entitled to protect her identity in this public court filing by not disclosing her full name.

2.      Plaintiff Nate Doe is an individual who resides in Massachusetts and is the husband of Kris Doe and is entitled to anonymity for the same reason.

-1-

COMPLAINT

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

3.     On information and belief, and thereon alleged, Defendant BRIDGES TO RECOVERY, LLC ("Bridges") is a Delaware corporation licensed to do business in California and at all times material herein, was doing business in Los Angeles County, California, among other locations in California.

4.     On information and belief, and thereon alleged, Defendant CONSTELLATION BEHAVIORAL HEALTH, LLC is the parent company of Defendant Bridges ("Constellation) and is a Delaware corporation authorized to do business in California. It touts itself as "Luxury Addiction & Mental Health Treatment." It also claims that: "All Constellation Behavioral Health facilities are accredited by The Joint Commission, which sets the standards for quality and safety of patient care."

5.     On information and belief, and thereon alleged, Defendant LES KATZ ("KATZ") is and, at all times material herein, was the counselor/therapist and/or "Senior Staff" member employed by Defendants Bridges/Constellation, at all material times herein, was assigned to supervise, help and provide Plaintiff Kris Doe with "one-on-one" care and, on information and belief, at all relevant times herein resided in California.

6.     On information and belief, and thereon alleged, Defendant QEMAL SHAHOLLI ("SHAHOLLI") is the Executive Director for Bridges/Constellation and lives and works in California.  He was responsible, along with other defendants, for the hiring, training and supervision of Bridges/Constellation staff, including KATZ and other personnel, including Dorisha Smith who were both assigned to help and treat Kris Doe and keep her safe.  On information and belief, at all relevant times herein, SHAHOLLI worked and/or lived in Los Angeles County, California.

7.     Defendant DR. TREVOR SMALL ("SMALL") is the Clinical Director of Bridges/Constellation and responsible for overseeing and supervising the employees and well-being of its patients, including Kris Doe while she was a

- 2 -

patient. On information and belief, he lives and works in California. His LinkedIn Profile states in part:  "As the Clinical Director [of Bridges], I am responsible for ensuring a high level of therapeutic care to the residents and adhering to federal and state licensing statutes. I supervise a clinical team of over 100 professionals and provide supervision, crisis management, and interventions when needed depending on the mileu (sic)". My role requires and includes aspects of program development, management of staff and clinicians, media presentations, speaking engagements, conducting of clinical care meetings, and interfacing with the medical and therapeutic community."  On information and belief, at all relevant times herein, SHAHOLLI worked and/or lived in Los Angeles County, California.

8.     Defendant DR. ERIC STRANG ("STRANG") is employed by and/or shareholder and managing agent of Bridges/Constellation and the primary doctor responsible for Plaintiff Kris Doe's care and treatment while at Bridges/Constellation. He also reported to Kris's family in Massachusetts, including Nate Doe. He had numerous discussions about Kris Doe with her family in Massachusetts and scheduled visits between the Plaintiffs as well as spoke to, and coordinated meetings with her other medical providers.  On information and belief, at all relevant times herein, SHAHOLLI worked and/or lived in Los Angeles County, California.

9.     Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein, each Defendant was responsible in some manner or capacity for he occurrences, breaches and violations herein alleged, and that Plaintiffs' damages, were proximately caused by all said Defendants.

10.     Plaintiffs are also informed and believe, and on that basis allege, that at all times mentioned herein, there existed a unity of interest and ownership between Bridges and Constellation, such that any individuality and separateness between said Defendants, and each of them, ceased to exist. Bridges and Constellation were the successors-in-interest and/or alter egos of each other, in that

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

they purchased, controlled, dominated and operated each other without any separate identity, observation of formalities, or other manner of division.

11.     Plaintiffs are informed and believe, and on that basis allege, that Defendants, and each of them, were the agents, representatives, co-conspirators, aiders, abettors and/or employees of each and every other Defendant. In doing the things hereinafter alleged, Defendants and each of them, were acting within the course and scope of said alternative personality, capacity, identity, agency, representation and/or employment and were within the scope of their authority, whether actual or apparent.

12.     Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned herein, Defendants, and each of them, were the trustees, partners, servants, joint venturers, shareholders, contractors, and/or employees of each and every other Defendant, and the acts and omissions herein alleged were done by them, acting individually, through such capacity and within the scope of their authority, and with the permission and consent of each and every other Defendant and that said conduct was thereafter ratified by each and every other Defendant, and that each of them is jointly and severally liable to Plaintiffs, and each of them.

## JURISDICTION

13.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

14.     Venue is proper in this district under 38 U.S.C. § 4323(c) because the underlying events and substantial damages occurred in this district, including emotional distress damages and related damages. Venue is also proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this lawsuit occurred in this judicial district, including but not limited to the battery, sexual assault and other illegal activity.

15.     Defendants Bridges and Constellation, by and through Defendants STRANG, SHAHOLLI and SMALL, among others, solicited and marketed their

services to Ms. Doe and Mr. Doe, Massachusetts residents, and collected monies and profits from Plaintiffs.

16.    On information and belief, and thereon alleged, Defendants STRANG, SHAHOLLI, and SMALL further personally oversaw the treatment of Ms. Doe, had a duty to Ms. Doe, and their personal acts and omissions caused substantial harm to both Plaintiffs.

17.    On information and belief, and thereon alleged, STRANG, SHAHOLLI and SMALL also were responsible for the hiring and supervision of the "staff," counselors, therapists and other personnel hired to work with the vulnerable patients at Bridges/Constellation and ensure compliance with all applicable California statutory requirements for a healthcare facility.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

18.    Plaintiff Kris Doe is a 36 year old female living in Massachusetts. Plaintiff Nate Doe is her husband and they have three young children together. Mrs. Doe is currently hospitalized away from her family in Massachusetts as a direct result of the negligence and other wrongful and illegal behavior of Defendants, and each of them, and in particular, the illegal supply of Oxycodone, the sexual assault by a Bridges/Constellation employee and mental health professional KATZ, physical abuse by employees of Defendants Bridges/Constellation and the failure to take the concerns of Nate Doe seriously regarding drug abuse, sexual assault of his wife, as well as the failure to provide adequate follow up care in Massachusetts as required by contract.

19.    A college graduate and special education teacher, Mrs. Doe began to experience depression and other mental health issues in or about August of 2018 a short time after the birth of her twins.  By December 2018 and January 2019, the symptoms became more severe and Kris Doe became suicidal as well.

20.    Beginning in February 2019 and under the care of her doctor and therapist, Mrs. Doe spent a week at the Cape Code Psychiatric Hospital and later

admitted herself for an additional two weeks.  At that time self-harming ("cutting") behaviors began. In March, Kris Doe admitted herself to Tufts Psychiatric Hospital.

21.     On or about the end of March 2019, Defendants Bridges/Constellation convinced Plaintiffs to sign on to a very expensive inpatient treatment facility in southern California for Kris Doe's mental health and related medical issues, which included depression, suicidal tendencies, eating disorders, cutting and her addiction to opioids. Bridges/Constellation represented and warranted that their "professional team" and staff could assist Kris Doe, keep her safe and provide treatment, including therapy and counseling. The written Agreements also provide that Defendants would schedule and provide post-facility treatment in Massachusetts.

22.     At all times material, Defendant Bridges/Constellation held itself out as a high quality, effective behavioral, drug and alcohol rehabilitation center, licensed by the State of California to treat persons with substance dependency problems, depression, suicidal issues and other related mental health issues. Its website states in part: "Our clinical team are experts in the treatment of even the most complex psychiatric disorders. We provide a unique and effective combination of psychiatry, psychotherapy, and integrative therapy...  we have a Comprehensive 90-Day Program which includes all the elements of our core program plus continued work with your psychiatrist and clinical team, intensive workshops for family and trauma recovery and adaptive living programming to support clients successfully reintegrating in the world after treatment."

23.     Bridges/Constellation also represented and promised that:  "Returning to the home environment after residential treatment can be a vulnerable time. In order to maintain the progress you have made at Bridges to Recovery and encourage further growth, we work hand-in-hand with you, your family, and your outpatient care team to create an aftercare plan designed around your personal circumstances. Aftercare planning may include referrals to relevant community services, outpatient programs, and 12-step recovery support groups, as well as

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

reintegration and relapse prevention assignments. We are committed to easing your transition back into the community and ensuring your continued success."

24.     As a private rehabilitation business and in exchange for substantial fees, defendant Bridges had a responsibility and duty to care for its fragile patients. California Administrative Code, Title 9, Section 10569 accords "any person receiving services from an alcohol and/or drug rehabilitation facility to have rights which include, but are not limited to:

a. To be accorded dignity in his/her personal relationships with staff and other individuals.

b. To be accorded safe, healthful and comfortable accommodations…

c. Free from intellectual, emotional, sexual and/or physical abuse.

d. To be informed of the provisions of law regarding complaints including, but not limited to, the address and telephone number of the licensing agency.

25.     The Unruh Civil Rights Act at Civil Code §51, *et seq*., similarly provides: Sexual harassment or sexual relations between providers of professional services and their clients is unlawful.

26.     Some of the individuals for the alleged treatment and/or rehabilitation, like Kris Doe, were female, who because of their fragile condition and mental state were particularly susceptible to being preyed upon by Bridges/Constellation staff, counselors, therapists and by other related medical professionals hired to treat and keep her safe, particularly when she was alone and three thousand miles from her family.

27.     Defendants, and each of them, knew that the parents and/or spouses of the female patients, including Nate Doe, and the patients themselves, including Kris Doe relied upon the overt and implied representations of abstinence, professionalism and safety made by Defendants, and each of them, to cause prospective patients and those paying for the services offered by Bridges/Constellation to reasonably believe that this would be a safe and

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

therapeutic environment for patients entrusted to Defendants.

28.     Defendants Bridges/Constellation sought to establish this aura of a therapeutic, professional, and safety environment through its statements in print, on the Internet and in conversations with prospective purchasers of its services, including to Plaintiffs in Massachusetts. They actively represented over and over again that the cost of treatment was well worth the type of care that would be received. These representations were made to Plaintiffs as well as Kris Doe's parents.

29.     Plaintiff Kris Doe signed a written contract with defendant Bridges/Constellation, that included numerous written agreements including a "Reservation Packet" in reliance on defendants' overt and implied representations of suitability, professional care, treatment and oversight for Kris Doe, a Personal Rights Agreement which guaranteed that, among other things: "1. A right to be treated with dignity, to have privacy and to be giving humane care . . . 3. A right to be free from corporal or unusual punishment, infliction of pain, humiliation, intimidation, ridicule, coercion, threat, mental abuse, or other actions of a punitive nature. To be free from restraining devices, neglect or excessive medication…" There was also a "Psychologist-Client Service Agreement" and a "Medication Adherence Agreement" that states that "[t]he decision to on which medicine to use to treat me is made by the psychiatrist. . ." As set forth above, the Agreements all required either statutorily or by consent to provide treatment for Ms. Doe and not harm her in any way.

30.     At or around that same date, plaintiff Kris Doe paid and/or incurred expense and obligation for an initial 30 days of "Phase I" inpatient treatment for Kris Doe at Bridges in 1460 N San Remo Dr., Pacific Palisades, California.

31.     Based on the signed Agreement, in April 2019, Mrs. Doe was admitted to Bridges facility in Pacific Palisades, California.  Mrs. Doe was in serious distress and was eventually placed on a "1:1" supervised care as provided by

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Bridges/Constellation in order to keep her safe and ensure proper treatment. This lasted approximately 5-6 weeks of her treatment.  "1:1" care means that staff, like KATZ, was within arm's reach of Mrs. Doe at all times.

32.     As set forth in the contract with Bridges, the health care and recovery services to be provided by Bridges to Mrs. Doe (including the "1 to 1 care") as well as representations regarding Bridge's "licensed" status with the State of California and its alleged compliance with all statutory rules and regulations for its patients' protection. It was these representations, made to Nate Doe and Kris Doe that they relied on to have her travel across the country to be admitted to Bridges/Constellation.

33.     One of the primary but rotating "1 to 1" caregivers assigned to Kris Doe was Defendant KATZ. While Kris Doe was under the care of Defendants Bridges/Constellation, its employee and professional caregiver, KATZ, abused his professional relationship with Mrs. Doe and engaged in an improper sexual relationship with her. During her stay at Bridges/Constellation, Mrs. Doe did not have the ability to consent to any such sexual relationship due to her cognitive disability, mental illness and/or mental defect.

34.     In fact, as set forth in the State of California Department of Consumer Affairs:  "Professional psychotherapy never includes sex. It also never includes verbal sexual advances or any other kind of sexual contact or behavior. Sexual contact of any kind between a therapist and a patient is unethical and illegal in the state of California. Additionally, with regard to former patients, sexual contact within two years after termination of therapy is also illegal and unethical. Sexual contact between a therapist and a patient can also be harmful to the patient. Harm may arise from the therapist's exploitation of the patient to fulfill his or her own needs or desires, and from the therapist's loss of the objectivity necessary for effective therapy. All therapists are trained and educated to know that this kind of behavior is inappropriate and can result in the revocation of their professional

license."

35.    In more than twenty (20) times, Katz seduced, plied her with opiods prescribed to *him and/or his friend* as well as engaged in sexual acts with Mrs. Kris Doe. Several of these sexual encounters were of a violent nature.  Mrs. Doe did not feel she had the power to reject any of the advances, drugs or sexual acts.

36.    On information and belief, and thereon alleged, Defendants, including Bridges/Constellation, SHAHOLLI, SMALL, STRANG and KATZ were made aware that Mrs. Doe was the victim of a prior violent rape; that she was suffering from the continuing trauma of that event; and, was potentially suicidal.

37.    Detailed examples a few of KATZ's illegal and improper actions that Bridges/Constellation, and other Defendants knew about or should have known about of include:

- On or about April 26, 2019, KATZ drove his patient, Mrs. Kris Doe to an offsite doctor's appointment and engaged in sexual relations with her in his car.

- On or about April 27, 2019, Mrs. Doe was left alone with KATZ at the Bridges/Constellation facility while the other patients were at the movies and KATZ engaged in sexual relations with her in the Bridge's facility, contrary to established procedures regarding leaving patients alone with their "caregivers."

- On or about May 3, 2019, Kris Doe harmed herself (cutting herself, which was one of the explicit reasons for her having been admitted to Bridges) while under KATZ's care and supervision. KATZ deliberately and intentionally failed to report the incident or to seek medical treatment for Mrs. Doe, instead telling her that he would not report it so that she would not "lose privileges."

38.    Up and through Mrs. Doe's discharge from Bridges in June 2019, and continuing through October 2019, KATZ pursued Kris Doe telling her, in part, that

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

she needed him. KATZ also plied her with opiods, making sure that she was dependent on him.

39.    In early April 2019, Plaintiff Nate Doe inadvertently intercepted a text message from KATZ (using another name) about his relationship with Kris Doe. When asked, Mrs. Doe did not detail the full extent of the relationship with KATZ at that time. It wasn't later that Mr. Doe learned of KATZ's name and the full extent of their relationship.  Mrs. Doe was subsequently able to detail specific instances and dates of the sexual battery and abuse.

40.    During this time frame, Nate Doe called STRANG to advise him of this improper relationship, the concerns for his wife as well as his own distress regarding what he had seen and learned. On information and belief and thereon alleged, neither Bridges/Constellation, nor STRANG, SMALL or  SHAHOLLI conducted any investigation, fire KATZ, or notify the proper authorities as required under law, but instead waited almost two months before finally removing KATZ as one of Kris Doe's  caregivers. They ratified KATZ's illegal and wrongful conduct.

41.    To make matters worse, Bridges/Constellation and STANG, presumably with the permission, consultation and consent of SMALL and SHAHOLLI, informed Mrs. Doe that the sexual situation with KATZ was *her* fault as she was "too dependent" on KATZ, again ratifying his behavior.

42.    Another "1 to 1" caregiver assigned to Mrs. Kris Doe was also negligent and reckless with regard to her care and well-being. As Mrs. Doe was considered suicidal, Dorisha Smith was not to leave her unsupervised. Dorisha Smith knowingly and recklessly disregarded these safety protocols and abandoned Kris Doe for approximately 20 minutes one day, during which time she again engaged in harmful and dangerous acts of cutting herself.  On another occasion, Ms. Smith challenged Mrs. Doe to jump off of a fence while out on a walk – which Mrs. Doe did. Ms. Smith did this knowing that it was dangerous and that Mrs. Doe was extremely vulnerable. On information and belief, and thereon alleged,

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

STRANG, SHAHOLLI AND SMALL knew or should have known of this behavior and the actions of Ms. Smith, or willfully disregarded this type of behavior by their staff, thus ratifying same.

43.   In April and through the rest of her stay at Bridges/Constellation, Defendants, and each of them, did not adequately inquire, investigate, notice or realize that Mrs. Doe was getting progressively worse, nor test her for opiods which were not prescribed to her or otherwise intervene to see why Mrs. Doe was getting worse or otherwise comply with the applicable standards of care in caring for someone in her position and mental state. On information and belief, it was the duty of STRANG, SHAHOLLI and SMALL to routinely check, investigate, and make proper inquiries to comply with their licenses in California and pursuant to federal law.

44.   Nate Doe, and the parents of Kris Doe repeatedly and specifically contacted Bridges/Constellation from Massachusetts and had meetings and calls with STRANG and expressed their concern that it appeared Mrs. Doe was being prescribed a substantial amount of Oxycodone and that Defendants, and each of them, were not working to take her off of said opiods.  At least some of these conversations, as confirmed by STRANG's own clinical notes, were on April 2, 2019, April 11, 2019, April 22, 2019 and April 25, 2019.

45.   In fact, Nate Doe subsequently learned that when Kris was first admitted to Bridges/Constellation, her prescribed dose for Oxycodone was 50mg/day given as a 15 day supply. Within the first few days initially at Bridges/Constellation she was transferred to Las Encitas mental hospital and they reduced her dose to approximately k20mg/day.  Upon her return to Bridges/Constellation, Defendants UPPED her opiod dose to 30mg/day. This was done by the Kris Doe's alleged experienced "team" at Bridges/Constellation.

46.   On or about April 29, 2019, and with Mrs. Doe progressively declining, STRANG had a phone call with Mrs. Doe's parents to convince them to

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

fund an additional thirty (30) days of treatment, never informing them of the relationship with KATZ or other issues which were making Mrs. Kris Doe more ill, including continued use of significant levels of Oxycodone.  Mr. Doe and Mrs. Doe agreed.

47.    On or about May 20, 2019, the issue was again raised to STRANG about Mrs. Kris's Doe's treatment with Oxycodone and her parents and husband, Mr. Doe, stated their strong opinions regarding the proprietary of this, yet STRANG, Bridges/Constellation and the other Defendants refused to acknowledge their concerns, took no further action to address the issues, and were combative with Nate Doe and Kris Doe's parents.

48.    Instead, STRANG and Bridges/Constellation and other Defendants initiated "family therapy" sessions without ever investigating the sexual assault/relationship allegations and did not do anything regarding Dorisha Smith, KATZ or others involved in the cover-up of the sexual relationship although widely known by staff and other patients.

49.    When Mrs. Kris Doe was finally released from Bridges/Constellation and was sent back to Massachusetts, she was in a much worse and fragile condition than when she arrived at Bridges/Constellation and has still had to be admitted to in-patient care and is unable to have daily interactions with her family. Bridges/Constellations and Defendants, and each of them, have not followed up with her care, have not explained why she was subjected to this sexual battery or the excessive opioids and have washed their hands of this vulnerable patient.

50.    KATZ continued to text Mrs. Doe, as recently as this past October, harassing her and interfering with her recovery.  KATZ told her friend in California Bridges/Constellation that staff members and other managers were aware of the improper relationship between KATZ and Mrs. Kris Doe while she was a patient at Bridges/Constellation.

51.    Bridges/Constellation and the other Defendants have continued to

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

disavow the concerns and claims of Plaintiffs and has refused and continues to refuse to inform Plaintiffs (even through counsel) if KATZ is still employed by Bridges/Constellation or his last known address so that Plaintiffs can inform the proper authorities of his actions, or even to provide the name and address of other participants in the wrongful behavior like Dorisha Smith. Plaintiffs have not been informed whether, as a mandated reporter, Defendants reported these assaults and illegal acts to the proper authorities or have been investigated by the California authorities.

52.     In addition to the injuries, emotional distress and physical and emotional damages suffered by Kris Doe, Nate Doe has also been traumatized by these events. He lives with the burden of knowing that his wife was sexually abused by the health care providers who were supposed to help and protect her to the tune of hundreds of thousands of dollars. He has had to become the primary caregiver to their 3 young children, who do not have their mother present, as well as emotionally and monetarily address the additional trauma and set-backs suffered by his wife and family as a result of the egregious and callous acts perpetrated by Bridges/Constellation and the other Defendants, and each of them.

53.     As a result of the negligent, illegal and intentional wrongful acts committed by Bridges/Constellation and its employees, agents and co-conspirators, Mrs. Kris's Doe's mental health conditions (for which she sought treatment at Bridges/Constellation) have been worsened, exacerbated and she faces an even longer road to recovery. Kris Doe is now an inpatient at a Massachusetts facility. She suffers from severe anxiety, depression, and post-traumatic stress disorder. Since her return, Mrs. Doe was back to abusing drugs and tried to overdose. Her physical and emotional conditions have suffered significantly since her stay at Bridges/Constellation as a direct result of the sexual and drug abuse and treatment by Defendants, and each of them.  Plaintiffs have also incurred additional medical expenses, loss of income and other expenses.

54.     Both Plaintiffs are suffering emotionally and their marriage is suffering.  Plaintiff Kris Doe suffered physical and emotional distress as a result of the acts and omissions of Defendants and each of them which have continued and which may result in permanent injuries to her, all to her general damages.  She left the facility traumatized – a shell of her former self – and continues to suffer. In addition to the problems she was there seeking assistance for, Kris Doe left Bridges/Constellation with humiliation, depression, and other mental anxieties.

55.     Plaintiff Nate Doe has also suffered damages and emotional distress and continues to suffer same.  He is now taking care of three small children without his wife, has emotional distress and is traumatized due to the sexual relationship with KATZ and distressed about his wife's lack of progress while at Bridges/Constellation.

56.     Damages are ongoing for both Plaintiffs as a result of the acts and omissions of Defendants, and each of them, in an amount to be shown according to proof but no less than three million dollars ($3,000,000).

**FIRST CLAIM FOR RELIEF**
**SEXUAL BATTERY IN VIOLATION OF CALIFORNIA**
**CIVIL CODE § 1708.5**
**(Against all Defendants)**

57.     Plaintiffs repeat, reallege and incorporate paragraphs 1 through 56, as though fully set forth herein.

58.     Defendants Bridges, Constellation, STRANG, SHAHOLLI and SMALL owned, maintained, managed, oversaw and operated the rehabilitation facility of "Bridges to Recovery" in Southern California at all relevant times herein.

59.     Plaintiff Kris Doe was injured on the premises of

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

Bridges/Constellation in the following fashion, among other ways: by being sexually assaulted and battered by Defendant KATZ.

60.     The conduct against Plaintiff Kris Doe was intentional and sexually offensive, constituting sexual battery under California Civil Code S 1708.5 and other applicable statutes.

61.     The other Defendants were aiders, abettors, co-conspirators and agents as they knew or s should have known, and even when they became affirmatively aware, did nothing to stop the battery or report the abuse to the proper authorities.

62.     As a direct and legal result of the assault by Defendants, Plaintiff Kris Doe suffered injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

63.     In committing the acts described herein, Defendants' conduct, including that of Defendant KATZ conduct was despicable, and done with malice and oppression, justifying an award of punitive damages against him and his employers, including each of the other Defendants.

///

///

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**SECOND CLAIM FOR RELIEF**
**ASSAULT AND BATTERY IN VIOLATION OF**
**PENAL CODE § 240, 241**
**(Against All Defendants)**

64.     Plaintiffs repeat and reallege paragraphs 1 through 63, as though fully set forth herein.

65.     Defendants Bridges, Constellation, and KATZ are responsible for the assault and battery of Plaintiff Kris Doe while she was under their care.

66.     Plaintiff Kris Doe was injured on the premises of Bridges/Constellation in the following fashion: by being sexually assaulted and battered by Defendant KATZ and physically abused by Dorisha Smith and by the other Defendants for illegal drugs provided to Kris Doe. These batteries and assaults were intentional and the harmful contact and for an improper purpose, whether personal or to extort additional monies for an extended stay at Bridges/Constellation.

67.     She was also physically injured by over prescription of opiods and failure to properly treat her suicidal tendencies.

68.     The conduct was intentional constituting battery and/or assault under California Penal Code sections 240 and 241 and other applicable statutes or common law.

69.     Each of the Defendants were aiders, abettors, co-conspirators and agents as they knew or should have known, and even when they became

affirmatively aware, did nothing to stop the assaults and batteries.

70.     As a direct and legal result of the assault by Defendants, Plaintiff Kris Doe suffered injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

71.     In committing the acts described herein, Defendants' conduct, including that of Defendant KATZ conduct was despicable, and done with malice and oppression, justifying an award of punitive damages against him and his employers.

72.     Defendants' aforesaid acts and omissions were a substantial factor in causing personal injuries to Plaintiff Kris Doe in an amount and manner to be shown according to proof, but no less than three million dollars ($3,000,000).

### THIRD CLAIM FOR RELIEF
### CALIFORNIA STATUTORY VIOLATIONS INCLUDING
**California Administrative Code § 10569, Cal. Health & Safety Code 1500 *et seq;* Health & Safety Code §§ 11834 *et seq.***
**(Against All Defendants)**

73.     Plaintiffs repeat and reallege paragraphs 1 through 72, as though fully set forth herein.

74.     As a rehabilitation center and therapeutic inpatient facility, licensed under California law, defendant Bridges/Constellation and its owners, operators,

directors, agents and employees had a duty to Plaintiff Kris Doe and others similarly situated as patients/patrons to provide a safe environment that protected them from the depredations of others who would use and abuse patients both sexually and with other controlled substances and/or commit criminal acts upon others at the facility.

75.    At all relevant times herein, Plaintiff Kris Doe was a dependent adult within the meaning of California Welfare & Institutions Code section 15610.23

76.    Defendants Bridges/Constellation and all other Defendants, and each of them, so negligently owned, operated, maintained, supervised their facility that Plaintiff Kris Doe was battered and/or sexually battered by KATZ and suffered other physical abuse including by Dorisha Smith as well as significant emotional abuse.

77.    The negligence of said Defendants was a substantial factor in causing Plaintiff Kris Doe to suffer physical and emotional pain in an amount and manner to be shown according to proof.

78.    The aforesaid acts and omissions of said defendants violated California statutory regulations which gives patients (such as Plaintiff Kris Doe) at rehabilitation centers, such as Defendant Bridges/Constellation, the right to be free of personal indignities, such as sexual and physical abuse and humiliation, among other rights.  Said defendants acts and omissions in failing to supervise, monitor or otherwise to maintain a violation-free environment required by California law was a

4828-7300-4209.1

substantial factor in causing the injury, damage and harm to her.

79.     As a direct and proximate cause, Plaintiff Kris Doe has suffered damages in an amount according to proof but no less than three million dollars ($3,000,000).

### FOURTH CLAIM FOR RELIEF
### BREACH OF CONTRACT
### (Against Bridges/Constellation)

80.     Plaintiffs repeat and reallege paragraphs 1 through 79, as though fully set forth herein.

81.     Kris Doe entered into a written contract with Bridges/Constellation for mental health inpatient services that included various agreements.

82.     The contract required Bridges/Constellation to comply with the law and provide a safe and therapeutic environment for Mrs. Doe and also provide post-treatment care in Massachusetts. Bridges/Constellation did not perform its promise to provide a qualified, screened, and carefully vetted employees, caregivers and agents. Instead, Bridges/Constellation allowed dangerous sexual predators like KATZ and other poorly trained help like Dorisha Smith to help care for Kris Doe and her licensed doctors did nothing about it.

83.     Plaintiffs' reliance on Defendants' promises was a substantial factor in causing Plaintiffs harm as alleged herein.

84.     As a result of the failure of Defendants, and each of them, to provide a safe environment, resulting in the violations alleged hereinabove, as well as failure

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

to provide post-treatment care in Massachusetts, Plaintiff Kris Doe's written

contract was materially breached by said Defendant(s).

85.     Plaintiff Kris Doe is and was within her rights as the contracting party

to demand and receive a prompt refund of the monies paid, which amount to more

than two hundred thousand dollars for the services promised but not delivered.

86.     Plaintiff Mrs. Doe is also entitled to all additional damages as shown

according to proof.

**FIFTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(All Defendants)**

87.     Plaintiffs re-alleges and incorporates herein by reference each and

every allegation contained in paragraphs 1 through 85.

88.       At all relevant times herein, Plaintiff Kris Doe was a dependent

adult within the meaning of California Welfare & Institutions Code section

15610.23.

89.     Defendant KATZ abused Plaintiff Kris Doe and Bridges/Constellation

knew or should have known of said sexual battery, physical abuse and drug abuse.

Defendants, and each of them, knew or should have known that KATZ's sexual

relationship with Plaintiff Kris Doe was illegal, unethical and would cause her and

her husband serious emotional distress and harm, and it in fact did so.

90.     On information and belief and thereon alleged, Defendants, including

SMALL, SHAHOLLI and STRANG intentionally ignored the drug abuse by their

staff, physical abuse by their staff, sexual abuse by their staff and were provided multiple opportunities to address, mitigate and resolve the situation but chose to willfully ignore same.

91.    Defendants, and each of them, were the owners, managers and employees of the rehabilitation hospital/facility and Plaintiff Kris Doe was their patient. As such, Defendants were in a special position of authority and trust, and hired and supervised employees who had daily access to Mrs. Doe and other female patients in the facility and specifically promised to care for her, help heal her, and protect her.

92.    Defendants, and each of them, acted in an outrageous manner as they were on notice that they had a dangerous sexual predator employed as a staff manager, namely KATZ. Regardless, Defendants continued to employ KATZ and continued to allow him to have unfettered access to Plaintiff Kris Doe and the managers/owners tried to blame the victim, further exacerbating the situation.

93.    Defendants also intentionally ignored the pleas of Plaintiff Nate Doe regarding the apparent opiod abuse and other signs of Mrs. Doe's deteriorating condition.

94.    Both Plaintiffs suffered extreme and severe emotional distress as a direct result of the sexual assaults and illegal dispensing of illegal amounts of opiods to Kris Doe and other acts and omissions as described above.

95.    As a direct and proximate result, Plaintiffs and each of them, suffered

4828-7300-4209.1

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

injuries and damages including, but not limited to, physical and mental pain and

suffering, severe emotional distress, physical injuries, past and future costs of

medical care and treatment, and past and future loss of earnings and earning

capacity, and other damages, in an amount not yet ascertained, but which exceed

the minimum jurisdictional limits of this court and in an amount according to proof

at trial.

96.     Defendants are also liable for punitive damages because said

Defendants had knowledge of the unfitness of their employees, including KATZ

and continued to employ him with a conscious disregard of the rights and safety of

others, including Plaintiff Kris Doe, and were otherwise personally guilty of

oppression, fraud, or malice, and otherwise ratified KATZ's acts.

97.     Punitive damages are also applicable as Defendants convinced

Plaintiff Nate Doe to continue to pay Bridges/Constellation and expand the time

that Mrs. Doe was at their facility despite the above acts and omissions.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.4**
**(GENDER VIOLENCE)**
**(All Defendants)**

98.     Plaintiff re-alleges and incorporates herein by reference each and every

allegation contained in paragraphs 1 through 96.

99.     A business, service or professional relationship existed between

Plaintiff Kris Doe and Defendants and KATZ used his position and committed acts

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

by use of or threatened use of physical force against Mrs. Doe.

100.   Defendant KATZ was acting within the course and scope of his employment and/or agency with Defendants Bridges/Constellation when he engaged in the conduct alleged herein.

101.   Defendant KATZ created a physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal charges, complaints, or prosecution, at least in part based on the gender of Kris Doe.

102.   There was an inability by Mrs. Doe to resist as Plaintiff was under the exclusive control and custody of Defendants at the time of the sexual behavior and was under extreme mental anguish and/or defect.

103.   As a direct and proximate result of the acts of Defendants, and each of them, as alleged herein, Plaintiff Kris Doe suffered injuries including, but not limited to, physical and mental pain and suffering, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, in an amount not yet ascertained, but which exceeds the minimum jurisdictional limits of this Court.

104.   In committing the acts described herein, Defendants, and each of them, acted with malice, oppression, and fraud, justifying an award of punitive damages against them.

105.   Plaintiff Kris Doe has incurred, and will continue to incur, attorneys'

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

fees in the prosecution of this action and, therefore, demands such reasonable

attorneys' fees and costs as set by the Court.

## SEVENTH CLAIM FOR RELIEF
## VIOLATION OF THE UNRUH ACT, CIV. CODE § 51, *et seq*.
## (All Defendants)

106.   Plaintiff re-alleges and incorporates herein by reference each and every

allegation contained in paragraphs 1 through 104.

107.   As set forth above, there was a business and professional relationship

between Plaintiff Kristin Doe and Defendants either directly, or by and through

their agency and ratification of the acts and omissions set forth above.

108.   Defendants made sexual advances, solicitations, demands for sexual

compliance by Ms. Doe that was unwelcome and pervasive.

109.   Due to the mental and medical issues involved, Kris Doe was unable to

consent and/or easily terminate the relationship.

110.   Plaintiff Kris Doe has suffered economic loss, disadvantage and

personal injury, including emotional distress in amount according to proof.

111.   In committing the acts described herein, Defendants, and each of them,

acted with malice, oppression, and fraud, justifying an award of punitive damages

against them.

112.   Plaintiff has also incurred, and will continue to incur, attorneys' fees in

the prosecution of this action and, therefore, demands such reasonable attorneys'

fees and costs as set by the Court.

## EIGHTH CLAIM FOR RELIEF
## NEGLIGENT SUPERVISION/HIRING
### (As Against Defendants Bridges, Constellation, SHAHOLLI, STRANG and SMALL)

113.    Plaintiffs re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 111 as though fully set forth herein.

114.    The above-referenced Defendants knew or should have known of Defendant KATZ's dangerous propensity to engage in, sexual misconduct with female patients, including Plaintiff Kris Doe.  It also should have known of the reckless acts of Dorisha Smith as set forth herein.

115.    Defendants had a legal obligation to properly supervise KATZ and its other employees, and, if KATZ or others committed misconduct on the job, Defendants had a duty to adequately discipline him, up to and including immediate termination of his employment as well as others who were abusive or negligent in their duties.

116.    Defendants knew or should have known that KATZ sexually abused Plaintiff Kris Doe, yet Defendants continued to allow him to have unfettered access to Kris Doe and other female patients at Bridges/Constellation.

117.    Defendants should have followed their stated rules concerning leaving their staff alone with patients as well as other rules including the California law regarding a Patient's Bill of Rights.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

118.   Defendants owed a duty of care to Plaintiff, who was a patient in their rehabilitation facility, and who relied on them to hire and employ employees who did not pose a risk of harm to patients.

119.   Defendants breached their duties and obligations to their patients, including Plaintiff.

120.   As a direct and legal result of the assaults, battery, negligence, failure to supervise, failure to abide by statutory regulations by Defendants, and each of them, Plaintiff Kris Doe suffered injuries and damages including, but not limited to, physical and mental pain and suffering, severe emotional distress, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceeds the minimum jurisdictional limits of this Court.

### NINTH CLAIM FOR RELIEF
### NEGLIGENCE
### (As to All Defendants except KATZ)

121.   Plaintiffs re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 119 as though fully set forth herein.

122.   Defendants, and each of them, had a duty to provide care to Plaintiff Kris Doe while in their care. This included a duty to adhere to all California and federal statutes for which govern the Health Care Industry and the Board of Behavioral Sciences, Board of Psychology, CDSS, DHCS and other agencies.

4828-7300-4209.1

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

123.   Defendants were negligent in their duty to Plaintiff Kris Doe by failing to abide by the statutes, regulations and standard of care required.  The statutes and regulations were designed to protect patients from any sexual assaults and to require hospitals and treatment facilities to notify outside agencies immediately upon learning of any complaints of sexual assaults, molestations or attacks and to notify them in writing.

124.   Defendants were also negligent in failing to notice, address and attempt to correct the declining mental health of Ms. Doe and/or to investigate further as to possible causes.

125.   As a direct and proximate result of Defendants' negligence, Plaintiff Kris Doe was placed in a position of being inappropriately touched, sexually assaulted, over medicated, physically put in danger without anyone to protect or help her.

126.   As a direct and proximate result, Ms. Doe suffered severe emotional distress. These injuries and distress have caused her to suffer general damages in an amount to be determined at trial.

127.   The aforementioned acts of said Defendants, and each of them, were willful, wanton, malicious, intentional, oppressive and despicable and were done in conscious disregard of the rights, welfare and safety to Plaintiff Kris Doe. The acts and omissions were done by supervisors, managerial agents, officers and/or directors of Defendants Bridges and Constellation, and/or with their ratification

thereby justifying the awarding of punitive and exemplary damages in an amount according to proof at trial.

### TENTH CLAIM FOR RELIEF
### UNFAIR BUSINESS PRACTICES B&PC 17200
### (As to Defendants Bridges & Constellation)

128.   Plaintiffs re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 127 as though fully set forth herein.

129.   Business and Professions Code, Section 17200 states, in pertinent part: "...unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

130.   At all times mentioned herein, Bridges/Constellation engaged in "unfair" business practices because its conduct was immoral, unethical, oppressive, unscrupulous and substantially damaging to Plaintiff Kris Doe. Specifically, and without limitation, the particular offensive conduct includes: Bridges/Constellation representing that it carefully screens and vets its staff, including doctors, therapists and other caretakers so families, including Nate Doe can rest assured their loved ones are getting qualified care and living under safe conditions.

131.  In fact, and as alleged on information and belief, Bridges/Constellation failed to perform even the most basic investigation as detailed in the sexual and

4828-7300-4209.1

physical abuse by KATZ and abuse by Dorisha Smith and the abuse of opiods provided to Mrs. Doe.

132.   At all times mentioned herein, the behavior of Bridges/Constellation was also a fraudulent business practice because members of the public are likely to be deceived as a result of the conduct alleged herein and thus provides Bridges/Constellation the opportunity to claim that the patient (like Mrs. Doe) needs additional days at their facility at cost of hundreds of thousands of dollars to her and her family when "somehow" the patient gets worse instead of better.

133.   As a direct and proximate result of Bridges/Constellation's unfair business practices, Plaintiffs have suffered harm and losses as described herein and in amounts to be proved at trial and, therefore, seek restitution and disgorgement from said Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Kris Doe and Nate Doe pray for judgment against all Defendants, and each of them, as follows:

1.   For an award of special (economic) and general (non-economic) damages according to proof;

2.   For general damages according to proof but including the return of fees paid to Bridges/Constellation (rescission);

3.   For medical expenses and related items of expense, according to proof;

4.   For loss of earnings, according to proof;

5.      For emotional distress damages;

6.      For statutory penalties, including but not limited to $25,000 pursuant to the Unruh Act;

7.      For punitive damages;

8.      For reasonable attorneys' fees;

9.      For restitution (Claim Ten);

10.     For prejudgment interest; and,

11.     For such other and further relief as the Court deems just and proper.

Dated:  January 13, 2020                    Respectfully submitted,
                                            KRIS DOE AND NATE DOE
                                            Plaintiffs, by their Attorneys

                                            /s/ Lita M. Verrier
                                            Lita M. Verrier (SBN 181183)
                                            Sonia M. Agee (SBN 164560)
                                            Jonathan C. Hatfield (SBN 292198)
                                            Ropers, Majeski, Kohn & Bentley
                                            Ten Post Office Square, Suite 800S
                                            Boston, MA  02109
                                            Telephone:  (617) 850-9081
                                            Facsimile:  (617) 692-2901
                                            Email:  lita.verrier@rmkb.com
                                                    sonia.agee@rmkb.com
                                                    jonathan.hatfield@rmkb.com

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**Certificate of Service**

I hereby certify that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper and email copies will be sent to those indicated as non-registered participants on January 13, 2020.

/s/ Lita M. Verrier

4828-7300-4209.1

- 32 -

COMPLAINT