Frances M. O'Meara, State Bar No. 140600
Email: fomeara@thompsoncoe.com
Robert A. Latham III, State Bar No. 125081
Email: rlatham@thompsoncoe.com
**THOMPSON COE & O'MEARA, LLP**
12100 Wilshire Boulevard, Suite 1200
Los Angeles, California 90025
T: 310.954.2400.F: 310.954.2345

Attorneys for Defendant Constellation Behavioral Health, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Kris Doe and Nate Doe,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Bridges to Recovery, LLC, Constellation Behavioral Health, LLC, Les Katz, Qemal Shaholli, Dr. Trevor Small, Dr. Eric Strang,<br><br>　　　　Defendants. | Case No. 2:20-cv-00348-SVW (SK)<br>(Filed January 13, 2020)<br><br>**ANSWER OF CONSTELLATION BEHAVIORAL HEALTH, LLC TO COMPLAINT** |

Defendant Constellation Behavioral Health, LLC (Responding Defendant) responds as follows to the Complaint of Kris Doe and Nate Doe (Plaintiffs):

1. Responding Defendant denies the allegations in Complaint paragraph 1.

2. Responding Defendant denies the allegations in Complaint paragraph 2.

3. Responding Defendant admits that Bridges to Recovery, LLC is a Delaware limited liability company admitted to do business in California, but it denies the

remaining allegations in Complaint paragraph 3.

4. Responding Defendant admits that it is a Delaware limited liability Company admitted to do business in California, but it denies the remaining allegations in Complaint paragraph 4.

5. Responding Defendant denies the allegations in Complaint paragraph 5.

6. Responding Defendant admits that Qemal Shaholli is the Executive Director of Bridges to Recovery, LLC and lives and works in California, but it denies the remaining allegations in Complaint paragraph 6.

7. Responding Defendant denies the allegations in Complaint paragraph 7.

8. Responding Defendant denies the allegations in Complaint paragraph 8.

9. Responding Defendant denies the allegations in Complaint paragraph 9.

10. Responding Defendant denies the allegations in Complaint paragraph 10.

11. Responding Defendant denies the allegations in Complaint paragraph 11.

12. Responding Defendant denies the allegations in Complaint paragraph 12.

## ANSWER TO JURISDICTIONAL ALLEGATIONS

13. Responding Defendant admits that the parties are diverse under 28 U.S.C. § 1332, but it denies the remaining allegations in Complaint paragraph 13.

. . . . .

14. Responding Defendant admits that venue may lie here for it and Plaintiffs, but it denies the remaining allegations in Complaint paragraph 14.

15. Responding Defendant denies the allegations in Complaint paragraph 15.

16. Responding Defendant denies the allegations in Complaint paragraph 16.

17. Responding Defendant denies the allegations in Complaint paragraph 17.

**ANSWER TO FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS**

18. Responding Defendant denies the allegations in Complaint paragraph 18.

19. Responding Defendant denies the allegations in Complaint paragraph 19.

20. Responding Defendant denies the allegations in Complaint paragraph 20.

21. Responding Defendant denies the allegations in Complaint paragraph 21.

22. Responding Defendant denies the allegations in Complaint paragraph 22.

23. Responding Defendant denies the allegations in Complaint paragraph 23.

24. Responding Defendant admits what 9 C.C.R. § 10569 says, but it denies the remainder of Complaint paragraph 24 as it alleges a legal contention.

25. Responding Defendant denies Complaint paragraph 25 as it alleges a legal contention.

. . . . .

26. Responding Defendant denies the allegations in Complaint paragraph 26.

27. Responding Defendant denies the allegations in Complaint paragraph 27.

28. Responding Defendant denies the allegations in Complaint paragraph 28.

29. Responding Defendant admits the terms in its reservation packet, but it denies the remaining allegations in Complaint paragraph 29.

30. Responding Defendant denies the allegations in Complaint paragraph 30.

31. Responding Defendant denies the allegations in Complaint paragraph 31.

32. Responding Defendant denies the allegations in Complaint paragraph 32.

33. Responding Defendant denies the allegations in Complaint paragraph 33.

34. Responding Defendant denies Complaint paragraph 34 as it alleges a legal contention.

35. Responding Defendant denies the allegations in Complaint paragraph 35.

36. Responding Defendant denies the allegations in Complaint paragraph 36.

37. Responding Defendant denies the allegations in Complaint paragraph 37.

38. Responding Defendant denies the allegations in Complaint paragraph 38.

. . . . .

39. Responding Defendant denies the allegations in Complaint paragraph 39.

40. Responding Defendant denies the allegations in Complaint paragraph 40.

41. Responding Defendant denies the allegations in Complaint paragraph 41.

42. Responding Defendant denies the allegations in Complaint paragraph 42.

43. Responding Defendant denies the allegations in Complaint paragraph 43.

44. Responding Defendant denies the allegations in Complaint paragraph 44.

45. Responding Defendant denies the allegations in Complaint paragraph 45.

46. Responding Defendant denies the allegations in Complaint paragraph 46.

47. Responding Defendant denies the allegations in Complaint paragraph 47.

48. Responding Defendant denies the allegations in Complaint paragraph 48.

49. Responding Defendant denies the allegations in Complaint paragraph 49.

50. Responding Defendant denies the allegations in Complaint paragraph 50.

51. Responding Defendant denies the allegations in Complaint paragraph 51.

52. Responding Defendant denies the allegations in Complaint paragraph 52.

. . . . .

53. Responding Defendant denies the allegations in Complaint paragraph 53.

54. Responding Defendant denies the allegations in Complaint paragraph 54.

55. Responding Defendant denies the allegations in Complaint paragraph 55.

56. Responding Defendant denies the allegations in Complaint paragraph 56.

**ANSWER TO FIRST CLAIM FOR RELIEF
SEXUAL BATTERY IN VIOLATION OF CALIFORNIA
CIVIL CODE § 1708.5
(Against all Defendants)**

57. Responding Defendant realleges its admissions and denials in answer to Complaint paragraphs 1 through 56 in response to Complaint paragraph 57.

58. Responding Defendant denies the allegations in Complaint paragraph 58.

59. Responding Defendant denies the allegations in Complaint paragraph 59.

60. Responding Defendant denies Complaint paragraph 60 as it alleges a legal contention.

61. Responding Defendant denies Complaint paragraph 61 as it alleges a legal contention.

62. Responding Defendant denies the allegations in Complaint paragraph 62.

63. Responding Defendant denies the allegations in Complaint paragraph 63.

. . . . .

**ANSWER TO SECOND CLAIM FOR RELIEF**
**ASSAULT AND BATTERY IN VIOLATION OF**
**PENAL CODE § 240, 241**
**(Against all Defendants)**

64. Responding Defendant realleges its admissions and denials in answer to Complaint paragraphs 1 through 63 in response to Complaint paragraph 64.

65. Responding Defendant denies the allegations in Complaint paragraph 65.

66. Responding Defendant denies the allegations in Complaint paragraph 66.

67. Responding Defendant denies the allegations in Complaint paragraph 67.

68. Responding Defendant denies Complaint paragraph 68 as it alleges a legal contention.

69. Responding Defendant denies Complaint paragraph 69 as it alleges a legal contention.

70. Responding Defendant denies the allegations in Complaint paragraph 70.

71. Responding Defendant denies the allegations in Complaint paragraph 71.

72. Responding Defendant denies the allegations in Complaint paragraph 72.

**ANSWER TO THIRD CLAIM FOR RELIEF**
**CALIFORNIA STATUTORY VIOLATIONS INCLUDING**
**California Administrative Code § 10569, Cal. Health & Safety Code 1500 *et seq*; Health & Safety Code §§ 11834 *et seq*.**
**(Against All Defendants)**

73. Responding Defendant realleges its admissions and denials in answer to

Complaint paragraphs 1 through 72 in response to Complaint paragraph 73.

74. Responding Defendant denies the allegations in Complaint paragraph 74.

75. Responding Defendant denies the allegations in Complaint paragraph 75.

76. Responding Defendant denies the allegations in Complaint paragraph 76.

77. Responding Defendant denies the allegations in Complaint paragraph 77.

78. Responding Defendant denies the allegations in Complaint paragraph 78.

79. Responding Defendant denies the allegations in Complaint paragraph 79.

**ANSWER TO FOURTH CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(Against Bridges/Constellation)**

80. Responding Defendant realleges its admissions and denials in answer to Complaint paragraphs 1 through 79 in response to Complaint paragraph 80.

81. Responding Defendant denies the allegations in Complaint paragraph 81.

82. Responding Defendant denies the allegations in Complaint paragraph 82.

83. Responding Defendant denies the allegations in Complaint paragraph 83.

84. Responding Defendant denies the allegations in Complaint paragraph 84.

85. Responding Defendant denies the allegations in Complaint paragraph 85.

86. Responding Defendant denies the allegations in Complaint paragraph 86.

### ANSWER TO FIFTH CLAIM FOR RELIEF
### INTENTIONAL INFICTION OF EMOTIONAL DISTRESS
(All Defendants)

87. Responding Defendant realleges its admissions and denials in answer to Complaint paragraphs 1 through 86 in response to Complaint paragraph 87.

88. Responding Defendant denies Complaint paragraph 68 as it alleges a legal contention.

89. Responding Defendant denies the allegations in Complaint paragraph 89.

90. Responding Defendant denies the allegations in Complaint paragraph 90.

91. Responding Defendant denies the allegations in Complaint paragraph 91.

92. Responding Defendant denies the allegations in Complaint paragraph 92.

93. Responding Defendant denies the allegations in Complaint paragraph 93.

94. Responding Defendant denies the allegations in Complaint paragraph 94.

95. Responding Defendant denies the allegations in Complaint paragraph 95.

96. Responding Defendant denies the allegations in Complaint paragraph 94.

97. Responding Defendant denies the allegations in Complaint paragraph 97.

. . . . .

Thompson Coe
&
O'Meara, LLP
7710656v1
50010.117

**ANSWER TO SIXTH CLAIM FOR RELIEF**
**VIOLATION OF CALIFORNIA CODE SECTION 52.4**
**(GENDER VIOLENCE)**
**(All Defendants)**

98. Responding Defendant realleges its admissions and denials in answer to Complaint paragraphs 1 through 97 in response to Complaint paragraph 98.

99. Responding Defendant denies the allegations in Complaint paragraph 99.

100. Responding Defendant denies the allegations in Complaint paragraph 100.

101. Responding Defendant denies the allegations in Complaint paragraph 101.

102. Responding Defendant denies the allegations in Complaint paragraph 102.

103. Responding Defendant denies the allegations in Complaint paragraph 103.

104. Responding Defendant denies the allegations in Complaint paragraph 104.

105. Responding Defendant denies the allegations in Complaint paragraph 105.

**ANSWER TO SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF THE UNRUH ACT, CIV. CODE § 51, *et seq.***
**(All Defendants)**

106. Responding Defendant realleges its admissions and denials in answer to Complaint paragraphs 1 through 105 in response to Complaint paragraph 106.

107. Responding Defendant denies the allegations in Complaint paragraph 107.

108. Responding Defendant denies the allegations in Complaint paragraph 108.

109. Responding Defendant denies the allegations in Complaint paragraph 109.

110. Responding Defendant denies the allegations in Complaint paragraph 110.

111. Responding Defendant denies the allegations in Complaint paragraph 111.

112. Responding Defendant denies the allegations in Complaint paragraph 112.

**ANSWER TO EIGHTH CLAIM FOR RELIEF
NEGLIGENT SUPERVISION/HIRING
(As Against Defendants Bridges, Constellation,
SHAHOLLI, STRANG, and SMALL)**

113. Responding Defendant realleges its admissions and denials in answer to Complaint paragraphs 1 through 105 in response to Complaint paragraph 113.

114. Responding Defendant denies the allegations in Complaint paragraph 114.

115. Responding Defendant denies the allegations in Complaint paragraph 115.

116. Responding Defendant denies the allegations in Complaint paragraph 116.

117. Responding Defendant denies the allegations in Complaint paragraph 117.

118. Responding admits that it owed a duty of care to all patients, but denies the remaining allegations in Complaint paragraph 118.

119. Responding Defendant denies the allegations in Complaint paragraph 119.

120. Responding Defendant denies the allegations in Complaint paragraph 120.

## ANSWER TO NINTH CLAIM FOR RELIEF
## NEGLIGENCE
### (As to All Defendants except KATZ)

121. Responding Defendant realleges its admissions and denials in answer to Complaint paragraphs 1 through 120 in response to Complaint paragraph 121.

122. Responding admits that it owed a duty of care to all patients, but denies the remaining allegations in Complaint paragraph 122.

123. Respondent Defendant denies the allegations in Complaint paragraph 123.

124. Respondent Defendant denies the allegations in Complaint paragraph 124.

125. Respondent Defendant denies the allegations in Complaint paragraph 125.

126. Respondent Defendant denies the allegations in Complaint paragraph 126.

127. Respondent Defendant denies the allegations in Complaint paragraph 127.

## ANSWER TO TENTH CLAIM FOR RELIEF
## NEGLIGENCE
### (As to All Defendants except KATZ)

128. Responding Defendant realleges its admissions and denials in answer to Complaint paragraphs 1 through 127 in response to Complaint paragraph 128.

129. Responding Defendant denies Complaint paragraph 129 as it alleges a legal contention.

130. Responding Defendant denies the allegations in Complaint paragraph 130.

. . . . .

THOMPSON COE & O'MEARA, LLP
7710656v1
50010.117

131. Responding Defendant denies the allegations in Complaint paragraph 131.

132. Responding Defendant denies the allegations in Complaint paragraph 132.

133. Responding Defendant denies the allegations in Complaint paragraph 133.

## ANSWER TO THE PRAYER FOR RELIEF

Responding Defendant denies that Plaintiffs are entitled to any of the requested relief. Additionally, the prayer for relief it is vague and ambiguous with respect to the specific defendants and causes of action thereon.

## AFFIRMATIVE, SPECIAL, OR OTHER DEFENSES

Responding Defendant asserts the following affirmative, special and other defenses. There may be additional affirmative defenses to the claims alleged by Plaintiff that are currently unknown. Therefore, Responding Defendant reserves the right to amend its Answer to allege additional affirmative defenses in the event that its discovery of additional information indicates that they are appropriate.

## FIRST AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE, SPECIAL, AND OTHER DEFENSE

The Complaint fails to state a claim upon which relief can be granted for sexual battery in violation of California Civil Code § 1708.5.

## THIRD AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

The Complaint fails to state a claim upon which relief can be granted for assault and battery in violation of Penal Code §§ 240, 241.

**FOURTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

The Complaint fails to state a claim upon which relief can be granted for statutory violations of California Administrative Code § 10569, Cal. Health & Safety Code § 1500 *et seq*, and Health & Safety Code § 11834 *et seq*.

**FIFTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

The Complaint fails to state a claim upon which relief can be granted for breach of contract.

**SIXTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

The Complaint fails to state a claim upon which relief can be granted for intentional infliction of emotional distress.

**SEVENTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

The Complaint fails to state a claim upon which relief can be granted for gender violence.

**EIGHTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

The Complaint fails to state a claim upon which relief can be granted for violation of the Unruh Act, Civ. Code § 51 *et seq*.

**NINTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

The Complaint fails to state a claim upon which relief can be granted for negligent hiring and/or supervision.

**TENTH AFFIRMATIVE, SPECIAL, AND OTHER DEFENSE**

The Complaint fails to state a claim upon which relief can be granted for negligence.

### ELEVENTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

The Complaint fails to state a claim upon which relief can be granted for unfair business practices under Business and Professions Code § 17200.

### TWELTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

The Complaint is barred under the doctrine of estoppel.

### THIRTEENTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

The Complaint is barred under the doctrine of waiver.

### FOURTEENTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

The Complaint is barred by acquiescence and consent.

### FIFTEENTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

The Complaint is barred by the doctrine of unclean hands.

### SIXTEENTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

The Complaint is barred by the doctrine of *in pari delicto*.

### SEVENTEENTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

The Complaint is barred under the integration clause in the written agreement between Plaintiff Kris Doe and Responding Defendant.

### EIGHTEENTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

The Complaint is barred by lack of privity between Plaintiff Nate Doe and Responding Defendant.

. . . . .

**NINETEENTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

The Complaint and each purported claim for relief contained therein is barred against Responding Defendant due to mistake of fact.

**TWENTIETH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

The Complaint and each purported claim for relief contained therein is barred against Responding Defendant due to mistake of law.

**TWENTY-FIRSTAFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

Responding Defendant did not act willfully, maliciously, oppressively, recklessly, or fraudulently toward Plaintiffs.

**TWENTY-SECOND AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

Responding Defendant did not act negligently toward Plaintiffs.

**TWENTY-THIRD AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

Responding Defendant's business actions or practices were not unfair, unlawful, fraudulent or deceptive within the meaning of Business and Professions Code § 17200 *et seq*.

**TWENTY-FOURTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

Plaintiff's injuries, if any, were the result of a pre-existing injury, physical or mental illness, and Plaintiff is only entitled to reimbursement for the degree of aggravation.

**TWENTY-FIFTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

Plaintiffs willingly, knowingly and voluntarily assumed each risk and the potential consequences complained of.

**TWENTY-SIXTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

The Complaint is barred because no act or omission by Responding Defendant actually and/or proximately caused or contributed in any manner to any loss or damage for which Plaintiffs seek recovery.

**TWENTY-SEVENTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

The injuries, losses, and damages allegedly sustained by plaintiffs were proximately caused by intervening and superseding causes and forces beyond the control of Responding Defendant and which, in the exercise of reasonable prudence, were not and could not be anticipated or foreseen by Responding Defendant.

**TWENTY-EIGHTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

The Complaint is barred and/or reduced by Plaintiffs' contributory or comparative negligence or fault.

**TWENTY-NINTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

Plaintiffs have failed to mitigate their damages, if any.

**THIRTIETH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

The Complaint and each purported cause of action contained therein fail to state facts sufficient to warrant the imposition of punitive damages against Responding Defendant.

**THIRTY-FIRST AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

Responding Defendant did not engage in, authorize, or ratify any type of wrongful conduct toward Plaintiffs.

. . . . .

**THIRTY-SECOND AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

Responding Defendant did not engage in intentional conduct entitling Plaintiff to recovery of damages pursuant to the Unruh Civil Rights Act.

**THIRTY-THIRD AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

Responding Defendant did not make fraudulent representations, nor did it make any other form of misrepresentations to plaintiffs, nor did Responding Defendant conceal any pertinent material facts from plaintiffs.

**THIRTY-FOURTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

The Complaint, and each purported claim for relief contained therein, is barred as against Responding Defendant because any purported intentional, negligent, or other misconduct of Responding Defendant's agents, representatives, and/or employees was committed and performed outside and beyond the course and scope of said relationship with Responding Defendant.

**THIRTY-FIFTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

Responding Defendant and its agents acted reasonably and in good faith at all material times herein based on all relevant facts and circumstances known by them at the time they acted.

**THIRTY-SIXTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

The damages alleged are not reasonable and are thus barred by Civil Code § 3359.

**THIRTY-SEVENTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE**

Any recovery of damages or relief as herein alleged by Plaintiffs would constitute an unjust enrichment.

### THIRTY-EIGHTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of California.

### THIRTY-NINTH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

The Complaint is barred in whole or in part because Plaintiffs have suffered no recoverable damages.

### FORTIETH AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

The Complaint is barred in whole or in part because any damages that Plaintiffs purport to have suffered are too remote or speculative to allow recovery and impossible to ascertain with reasonably certainty.

### FORTY-FIRST AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

The Complaint is barred in whole or in part because Plaintiffs lack standing.

### FORTY-SECOND AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

Plaintiffs are not entitled to interest, attorney fees, or costs.

### FORTY-THIRD AFFIRMATIVE, SPECIAL, OR OTHER DEFENSE

Responding Defendant has not knowingly or voluntarily waived any applicable affirmative or special defense and reserves the right to assert, and rely upon, such additional affirmative defenses to the Complaint as may become available or apparent as discovery progresses in this action.

**REQUEST FOR RELIEF**

Responding Defendant requests judgment as follows:

1. Dismissal of Plaintiffs' claims;

2. Dismissal of Responding Defendant from this action;

3. The award of its costs and attorney fees; and

4. All other relief that the Court deems just and proper.

Dated: February 7, 2020                THOMPSON, COE & O'MEARA, LLP

By: /s/ *Frances M. O'Meara*
    Frances M. O'Meara
    Robert A. Latham III

    Attorneys for Defendant Constellation Behavioral Health, LLC